IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SABERIO CHRISTOPHER CRUZ | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv414 |
| JAMES FOX | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Saberio Christopher Cruz, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Factual Background and Procedural History

On February 2, 1999, petitioner was convicted of state charges for possession of a controlled substance. Petitioner was sentenced to a term of five years incarceration.

On June 28, 2001, petitioner was transferred to the custody of the United States Marshal pursuant to a writ of habeas corpus *ad prosequendum*. On December 19, 2002, in the United States District Court for the Southern District of Texas, petitioner was convicted of conspiracy to possess with intent to distribute a controlled substance, and was sentenced to a term of 204 months incarceration. Petitioner states that the federal sentence was to run concurrently with the undischarged state sentence.

On October 3, 2003, petitioner was paroled on his state sentence into the custody of the United States Marshal Service to serve the remainder of his federal sentence. Petitioner alleges, however, that the Bureau of Prisons failed to award him credit toward his federal sentence for time served in state custody.

## The Petition

Petitioner brings this petition arguing that the United States District Court for the Southern District of Texas should have imposed a sentence that reflected a reduction of 46 months to account for the time he spent imprisoned on the state sentence prior to his federal sentencing. Petitioner contends that the federal sentencing court committed reversible error by failing to credit the time directly to his sentence. Petitioner asserts that Application Note 2 to Section 5G1.3 of the United States Sentencing Commission Sentencing Guidelines required the court to reduce petitioner's sentence by the 46 months he had already served on the undischarged state sentence. Petitioner argues that only the sentencing court can credit that time.

Next, petitioner contends that the sentencing court's refusal to award to him the contested 46 months time credit violates double jeopardy because refusing him such credit amounts to punishing him twice for the same offense. Petitioner states he is entitled to credit for the time spent in state custody pursuant to Application Note 2.

Finally, petitioner argues that he should be entitled to the same treatment as his co-defendant, James Jason Watts. Petitioner contends that the sentencing court entered an order modifying his co-defendant's sentence awarding him credit for 28 months time spent in state custody. Petitioner states that the Bureau of Prisons adjusted his co-defendant's sentence pursuant to 5G1.3(b) based on the order dated November 13, 2003.

## The Response

The respondent asserts that petitioner's sentencing court handled his request for a sentence reduction that it did not believe he was entitled to any additional credit toward his federal term under U.S.S.G. § 5G1.3(b), and if petitioner wishes to pursue the determination he will need to address the

2

issue directly with the sentencing court via a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The respondent asserts that petitioner cannot meet the requirements of the savings clause of § 2255 in order to have his claims reviewed in this petition. Further, the respondent asserts that petitioner is not entitled to credit against his federal sentence for time spent in state custody prior to the imposition of his federal sentence because the Bureau of Prisons is precluded by statute from granting such credit. Finally, the respondent claims petitioner has neither been subjected to double jeopardy nor denied equal protection.

<u>Analysis</u>

Petitioner argues that the United States District Court for the Southern District of Texas should have imposed a sentence that reflected a reduction of 46 months to account for the time he spent imprisoned on the state sentence prior to his federal sentencing. Petitioner contends that the federal sentencing court committed reversible error by failing to credit the time directly to his sentence. Petitioner asserts that Application Note 2 to Section 5G1.3 of the United States Sentencing Commission Sentencing Guidelines required the court to reduce petitioner's sentence by the 46 months he had already served on the undischarged state sentence. Petitioner argues that only the sentencing court can credit that time.

The sentencing court considered and denied petitioner's request for sentence reduction. Thus, petitioner's claims are not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his sentence. Additionally, petitioner's other claims, that he was subjected to double jeopardy by the sentencing court failing to grant 46 months' credit to his federal term and that he was denied equal protection because he received a longer sentence than his codefendant, attack the legality of his sentence.

3

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Here, petitioner's claims do not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Thus, the claims are without merit and should be dismissed.

4

Further, to the extent petitioner's claims concern the execution of his sentence, petitioner's claims are without merit. The calculation of a term of imprisonment is governed by Title 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28, <u>Sentence Computation Manual</u>, page 1-21. This is true even if a sentence is to run concurrent with a previously imposed term. *Id* (holding "sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served").

The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980); *United States v. Smith*, 812 F.Supp. 368 (E.D.N.Y. 1993). Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner

to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988); *United States v. Wilson*, 916 F.2d 1115, 1118 (6th Cir. 1990).

On November 13, 2003, pursuant to Program Statement 5160.05, the Bureau of Prisons designated the state institution for service of the federal sentence, *nunc pro tunc*, effecting commencement of petitioner's sentence on the date it was imposed, December 19, 2002. Petitioner asserts he should receive credit towards his federal sentence for all the time he spent in state custody. However, petitioner's federal sentence was commenced on the date imposed. As a result, Section 3585 does not permit any other period of time spent in state custody to also be used to reduce petitioner's federal sentence.

The Bureau of Prisons began running petitioner's concurrent federal sentence on December 19, 2002, the date it was imposed. Petitioner has been credited with the time spent in state custody from the imposition of his sentence through the date of his parole on October 3, 2003. Petitioner has received credit toward his federal sentence for time spent in state custody following the imposition of his federal sentence. Petitioner may not receive credit toward his sentence prior to the date it was imposed. Therefore, petitioner has failed to demonstrate that he has been denied any time credit to which he is entitled. Thus, petitioner has failed to assert a meritorious ground for relief and the petition should be denied.

The court is of the opinion that petitioner's double jeopardy and equal protection claims attack the validity of the sentence and may not be challenged here. However, assuming, *arguendo*,

that such claims may be liberally construed as attacking the execution of his sentence, for the reasons set forth below, the claims are without merit.

*Double Jeopardy*

Petitioner contends that the sentencing court's refusal to award him the contested 46 months time credit violates the Double Jeopardy Clause because refusing him such credit amounts to punishing him twice for the same offense. Petitioner states he is entitled to credit for the time spent in state custody pursuant to Application Note 2.

The Fifth Amendment provides in pertinent part:

> [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb, . . .nor be deprived of life, liberty, or property, without due process of law; . . ..

U.S. CONST. amend. V.

In this case, petitioner's Presentence Investigation Report determined the statutory range for imprisonment was a term of confinement no less than 10 years nor more than life. Based on a total offense level of 43 and a criminal history category of 1, petitioner's guideline range for imprisonment was life. As part of the plea agreement, the Government reserved the option to file a motion for downward departure based on substantial assistance. Petitioner was ultimately sentenced to a term of 204 months imprisonment.

In *Williams v. Oklahoma*, 358 U.S. 576 (1959), the Supreme Court rejected a claim that double jeopardy principles bar later prosecution or punishment for criminal activity where that activity has been considered at sentencing for a separate crime. *Id* at 586. "[C]onsideration of other crimes at sentencing does not implicate the Double Jeopardy Clause because the defendant is not actually being punished for the crimes so considered. Rather, the other crimes aggravate his guilt

of, and justify heavier punishment for, the specific crime for which defendant has just been convicted." *Sekou v. Blackburn*, 796 F.2d 108, 112 (5th Cir. 1986).

In this case, the cocaine found during a police search of petitioner on December 5, 1997 was considered related to the instant federal offense, and was only considered when calculating the base level offense. Further, petitioner was sentenced to a term of imprisonment below the maximum statutory guidelines for imprisonment for his crime. Thus, petitioner's claim is without merit.

*Equal Protection*

Finally, petitioner argues that he should be entitled to the same treatment as his co-defendant, James Jason Watts. Petitioner contends that the sentencing court entered an order modifying his co-defendant's sentence awarding him credit for 28 months time spent in state custody. Petitioner states that the Bureau of Prisons adjusted his co-defendant's sentence pursuant to 5G1.3(b) based on the order dated November 13, 2003.

In order to make out an equal protection claim, petitioner must prove the existence of purposeful discrimination, which implies that the decision maker selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group. *Johnson v. Rodriguez*, 110 F.3d 299, 306-307 (5th Cir. 1997). Petitioner's equal protection arguments are conclusional. *See Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989). To establish an equal protection violation, petitioner must demonstrate, *inter alia*, that similarly situated individuals were treated differently. *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

Petitioner's claims of the denial of equal protection are conclusory and fail to state a claim upon which relief may be granted. Petitioner has failed to identify that he is a member of a protected class, nor has he demonstrated that the sentencing judge or the Bureau of Prisons intentionally

discriminated against him for the purpose of causing an adverse effect on him. Because the sentencing judge did not grant petitioner credit for 46 months on his federal term under Application Note 2 to U.S.S.G. § 5G1.3(b), the Bureau of Prisons could not adjust his sentence as they had adjusted his codefendant's sentence. Accordingly, petitioner's claims should be denied.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be denied. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **8** day of **September, 2009.**

_____
Thad Heartfield
United States District Judge